[Cite as *Thomas v. State Farm Auto. Mut. Ins. Co.*, 2026-Ohio-2896.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Paige V. Thomas, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 25AP-435 |
| v. | : | (C.P.C. No. 22CV-4939) |
| State Farm Mutual Automobile Insurance Company et al., | : | (REGULAR CALENDAR) |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on July 28, 2026

**On brief:** *Scott Elliot Smith*, *L.P.A.*, and *Scott Elliot Smith*; *Flowers & Grube*, and *Paul W. Flowers* for appellant. **Argued:** *Scott Elliot Smith.*

**On brief:** *Gallagher*, *Gams*, *Tallan Barnes & Littrell*, *L.L.P.*, and *James R. Gallagher*, for appellee State Farm Mutual Automobile Insurance Company. **Argued:** *James R. Gallagher.*

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Plaintiff-appellant, Paige V. Thomas, appeals the judgment of the Franklin County Court of Common Pleas which denied appellant's motion to compel and request for extension under Civ.R. 56(F), granted the motion to quash and for protective order filed by defendant-appellee, State Farm Mutual Automobile Insurance Company ("State Farm" or "appellee"), and granted summary judgment in favor of appellee on appellant's bad faith insurance practices claim. For the reasons that follow, we affirm.

## I. Facts and Procedural History

{¶ 2}   This case arises from a vehicle collision that occurred in Franklin County, Ohio, on June 5, 2019, between appellant, the driver of her vehicle, and defendant Layla Sohaili, who operated another vehicle.  Appellant alleged the accident was Sohaili's fault and that, as a result of the accident, she suffered permanent and disabling physical injuries as well as substantial property damage.

{¶ 3}   At the time of the accident, appellant was insured through a policy with appellee, State Farm.

{¶ 4}   On May 10, 2021, appellant filed suit in the Franklin County Court of Common Pleas asserting a negligence claim against Sohaili, a declaratory judgment action against appellee to determine the rights of appellant and appellee under the insurance policy, a breach of contract action against appellee alleging that appellee failed to perform its obligations under the insurance policy, and a bad faith claim against appellee alleging that it failed to act in good faith in the handling and payment of her claims under the insurance policy.  Appellant voluntarily dismissed the action on February 2, 2022.

{¶ 5}   On February 7, 2022, appellant refiled the suit in the Cuyahoga County Court of Common Pleas, asserting the same allegations and claims as asserted in the Franklin County suit except adding appellant's health insurer, Medical Mutual of Ohio ("Medical Mutual"), as a defendant.  On March 23, 2022, Sohaili and State Farm moved to transfer venue back to Franklin County.  On April 8, 2022, appellant filed a notice of voluntary dismissal of the claims asserted against Medical Mutual.  The Cuyahoga County trial court granted the motion to transfer on May 2, 2022, and the case returned to Franklin County.

{¶ 6}   On October 24, 2022, appellee moved to bifurcate the bad faith insurance practices claim from the breach of contract claim regarding coverage under the policy and to stay discovery on the bad faith claim.  The trial court granted the motion on November 10, 2022.

{¶ 7}   Ultimately, the claims against Sohaili were dismissed with prejudice pursuant to a confidential settlement agreement.  In September 2024, the case proceeded to a bench trial on appellant's breach of contract claim which alleged that State Farm breached the insurance policy when it issued payments under the policy's medical payments coverage ("MPC") to The Rawlings Company ("Rawlings"), a third-party entity

that provides services to insurance providers for subrogation of medical payments made by health insurance companies, and that State Farm delayed paying her the remaining $190.07 balance of MPC benefit.

{¶ 8} Following the bench trial, the trial court issued a decision finding in favor of appellee. The trial court concluded that State Farm did not commit a breach of contract by directly paying Rawlings, rather than appellant, under the policy's MPC coverage. The trial court also concluded that State Farm did not breach the insurance policy by issuing the remaining $190.07 balance of the MPC benefit under the policy to appellant when it did in May 2024 and not as soon as appellant produced her medical records during discovery.

{¶ 9} Following the trial court's decision, only appellant's claim that State Farm acted in bad faith when making payments under the policy remained. The parties disagreed on the scope of discovery to conduct on this claim and each filed motions on their positions. The trial court granted State Farm leave to file a motion for summary judgment.

{¶ 10} On April 30, 2025, the trial court issued its decision resolving the parties' discovery motions and appellee's motion for summary judgment. The trial court denied appellant's motion to compel and for an extension under Civ.R. 56(F), granted appellee's motion to quash and for a protective order, and granted appellee's motion for summary judgment finding in appellee's favor on appellant's bad faith claim.

## II. Assignments of Error

{¶ 11} Appellant timely appeals and assigns the following assignments of error for our review:

> [I.] THE ORIGINAL TRIAL JUDGE ERRED, AND OTHERWISE COMMITTED AN ABUSE OF DISCRETION, BY ORDERING A TRANSFER OF THIS PROPERLY VENUED ACTION TO FRANKLIN COUNTY AS A RESULT OF THE DISMISSAL OF THE ONLY CUYAHOGA COUNTY DEFENDANT.
>
> [II.] AN ABUSE OF DISCRETION WAS COMMITTED, TO PLAINTIFF-APPELLANT'S CONSIDERABLE DETRIMENT WHEN THE TRIAL JUDGE REFUSED TO GRANT A LIMITED PROTECTIVE ORDER OVER CONFIDENTIAL AND PRIVILEGED MEDICAL RECORDS AND INFORMATION.

[III.] A FURTHER ABUSE OF DISCRETION WAS COMMITTED WHEN THE TRIAL COURT REFUSED TO ALLOW PLAINTIFF-APPELLANT TO CONDUCT NECESSARY AND PROPER DISCOVERY THAT WAS NEEDED TO OPPOSE SUMMARY JUDGMENT.

[IV.] THE TRIAL JUDGE ERRED, AS A MATTER OF LAW, BY GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT[S]-APPELLEES BASED UPON AN INCOMPLETE EVIDENTIARY RECORD.

## III. Discussion

### A. First assignment of error

{¶ 12} Appellant's first assignment of error argues that the trial court erred and otherwise abused its discretion by ordering a transfer of venue from Cuyahoga County to Franklin County.

{¶ 13} We review an order granting a motion to transfer venue for abuse of discretion. *Speigel v. Ianni*, 2023-Ohio-3809, ¶ 39 (1st Dist.) An abuse of discretion implies an unreasonable, arbitrary, or unconscionable attitude by the court. *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

{¶ 14} Civ.R. 3(C) outlines the locations in which an action may be properly venued. Relevant to this appeal, Civ.R. 3(C) provides that proper venue is in any county or counties that meet any of the following criteria:

> (1) The county in which the defendant resides;
>
> (2) The county in which the defendant has his or her principal place of business;
>
> (3) A county in which the defendant conducted activity that gave rise to the claims for relief;
>
> . . .
>
> (6) The county in which all or part of the claim for relief arose;
>
> . . .

{¶ 15} Here, appellant first filed suit in Franklin County, then voluntarily dismissed that action and filed again in Cuyahoga County. Appellee argues that, in an attempt to create venue in Cuyahoga County, appellant added her health insurer, Medical Mutual, as

an additional defendant. Appellee argues that Medical Mutual, however, was not even a "nominal party" for venue purposes because it had already paid appellant's medical bills associated with the accident and had already submitted a subrogation claim to State Farm that was paid in full. (Appellee's Brief at 22.)

{¶ 16} Based on this argument, appellee had moved to transfer venue back to Franklin County from Cuyahoga County. Before the Cuyahoga County trial court could decide the transfer request, appellant voluntarily dismissed her claims against Medical Mutual.

{¶ 17} In granting the transfer, the Cuyahoga County trial court noted that appellant had voluntarily dismissed the claims against Medical Mutual and that, as a result of that dismissal, venue in Cuyahoga County was not proper. The trial court also found that venue was proper in Franklin County because it was the county in which the activity that gave rise to the claims occurred and where the defendants reside or have their principal place of business. The trial court did not address State Farm's arguments that Medical Mutual was, at best, a nominal party.[1]

{¶ 18} Appellant contends that the trial court's reliance on the dismissal of Medical Mutual from the suit to transfer venue was error because Civ.R. 3(F) states, "Neither the dismissal of any claim nor of any party except an indispensable party shall affect the jurisdiction of the court over the remaining parties." Appellant does not contend that venue in Franklin County is *not* proper but, rather, that appellant was deprived of the right to select the appropriate venue.

{¶ 19} Even if the trial court's focus on the dismissal of Medical Mutual from the suit was misplaced, we do not find that the transfer of venue was an abuse of discretion. Assuming, for example, that Medical Mutual was more than a nominal party and venue was proper in Cuyahoga County as Medical Mutual's place of business, there is no question that venue was also proper in Franklin County where appellant filed her original suit. Where venue is proper in more than one county, a plaintiff is able to choose the county in which to bring the action. *Speigel*, 2023-Ohio-3809, at ¶ 45 (1st Dist). "However, a plaintiff's ability

---

[1] The Civil Rules do not define "nominal party," but "it may be said that a 'nominal party' is one whose presence in the action is either: (1) merely formal; or, (2) unnecessary for a just and proper resolution of the claim(s) presented." *State ex rel. Yeaples v. Gall*, 2014-Ohio-4724, ¶ 22, quoting *Smith v. Inland Paperboard & Packaging, Inc.*, 2008-Ohio-6984, ¶ 41 (11th Dist.)

to elect the venue can be restricted where a plaintiff files suit in one jurisdiction, and then dismisses that suit and refiles in a different venue." *Id.*, citing *McGraw v. Convenient Food Mart*, 1999 Ohio App. LEXIS 2818, *12 (11th Dist. June 18, 1999). In *Speigel*, the court relied on *McGraw* to determine that there was no abuse of discretion for one county court, where venue was "technically proper," to transfer the case back to the county court where the action was originally filed and where venue was also proper where the plaintiff's conduct amounted to forum shopping. *Speigel* at ¶ 47.

{¶ 20} Here, appellant chose Franklin County as the original venue for her suit and litigated the case there for almost ten months. The action has significant ties to Franklin County and the only tie to Cuyahoga County is no longer a named party. The action was pending in Cuyahoga County only two months before appellant voluntarily dismissed her claims against Medical Mutual.

{¶ 21} Based on the foregoing, we do not find the Cuyahoga County court abused its discretion by transferring the matter back to Franklin County. Accordingly, we overrule appellant's first assignment of error.[2]

### B. Second assignment of error

{¶ 22} In the second assignment of error, appellant argues it was an abuse of discretion to deny her motion for a protective order to limit the disclosure of her health information. Appellant sought the protective order in order to prohibit the defendants "from selling, publishing, sharing, or exchanging Plaintiff's confidential personal health information pursuant to" the Health Insurance Portability and Accountability Act ("HIPAA"), R.C. 2317.02, and the United States and Ohio constitutions. (Mot. for Protective Order at 15.)

---

[2] We note that appellant argues in her brief that the Cuyahoga County trial court "plainly erred" and that this error "plainly and unmistakably prejudiced" appellant. (Appellant's Brief at 14, 21.) This phrasing suggests a plain error standard of review, but appellant does not develop an argument regarding the application of this standard here. Nonetheless, our conclusion regarding the assignment of error would be the same under a plain error standard because we do not find that appellant suffered any prejudice even if the trial court erred by relying on the dismissal of Medical Mutual to grant the venue transfer. As discussed above, venue is proper in Franklin County and appellant filed her original suit in Franklin County and litigated it there for almost ten months. We are not persuaded by appellant's suggestion that *State ex rel. Smith v. Cuyahoga Cty. Court of Common Pleas*, 2005-Ohio-4103, instructs us to find prejudice here. In *Smith*, both the Cuyahoga and Wayne County courts refused to exercise jurisdiction over the case and the Supreme Court of Ohio held that a writ was required so that one of the courts would proceed to judgment. No such circumstances exist here.

{¶ 23} As an initial matter, appellee filed a notice of supplemental authority after oral argument in further support of arguments asserted in its appellate brief. Appellant moved to strike the notice, arguing that the notice violated App.R. 21(I) and 16(C).

{¶ 24} App.R. 16(C) prohibits the filing of a brief beyond a reply brief without leave of court. App.R. 21(I) provides for citation of additional authorities presented at oral argument but not cited in a party's brief. Generally, such authorities should be presented to the court and opposing counsel "at least five days prior to oral argument," but the rule acknowledges there may be "good cause for a later presentment." The Staff Note to the rule explains that one example of good cause for later presentment would be the unavailability of the authority until after the argument.

{¶ 25} Here, appellee's notice of supplemental authority cites *Brown v. State Farm Mut. Auto. Ins. Co.*, 2025 U.S. Dist. LEXIS 6108 (N.D. Ill. Jan. 13, 2025), which was decided almost a year prior to oral argument in this case in February 2026. The decision was not cited in either party's brief. Appellee does not offer a reason for the late presentment, but offers that the citation is "in support of its assertion that neither HIP[A]A, nor the Illinois decision in [*Haage v. Zavala*, 183 N.E.3d 830 (Ill. 2021)], operate to restrict the enforcement of the State Farm policy language providing that an insured must produce medical records needed to support their claim without insisting on a protective order." (Notice of Supplemental Authority at 1.)

{¶ 26} We do not find good cause for the late presentment of the supplemental authority here. The additional authority was available prior to the filing of the parties' briefs and oral argument and appellee offered no explanation for its presentment after argument. Additionally, to the extent the notice could be read as providing argument in support of appellee's position, we find, in an abundance of caution, that it could be read as an improper brief under App.R. 16(C). For these reasons, we grant appellant's motion to strike the supplemental authority. We note, however, that the court is capable of conducting its own research, regardless of the submission of supplemental authority. *See Reywal Co. Ltd. Partnership v. Dublin*, 2010-Ohio-3013, ¶ 68 (10th Dist.); *see also U.S. Bank, N.A. v. Smith*, 2018-Ohio-3770, ¶ 6 (7th Dist.) (noting that an appellate court conducts its own research and is not limited to consider only those cases cited by the parties in their briefs).

Thus, our resolution of the motion to strike does not, in this circumstance, restrict the court from considering the authority should we find it relevant to do so.

{¶ 27} Turning to the merits, we review a trial court's denial of a protective order for an abuse of discretion. *Randall v. Cantwell Mach. Co.*, 2013-Ohio-2744, ¶ 11 (10th Dist.). Appellant argues that we should apply a de novo standard of review because the dispute involves the question of legal privilege afforded to confidential medical information. We are not persuaded that the question in this appeal turns on an issue of law. For example, there is no dispute whether the information appellant sought to protect by the protective order includes medical records. *See, e.g., Ward v. Johnson's Indus. Caterers, Inc.*, 1998 Ohio App. LEXIS 2841, *12 (10th Dist. June 25, 1998) (noting that the case turned on the proper interpretation of terms for medical records as used in R.C. 2317.02(B)(2) and, therefore, the appeal was viewed as a matter involving an issue of law). Additionally, R.C. 2317.02(B)(1)(a)(iii) permits disclosure of confidential medical information when the patient has filed a civil action. At issue here is the warranted scope of disclosure of the medical information to be disclosed in the case. To resolve this issue, we do not need to interpret what is privileged or confidential under R.C. 2317.02(B). *See Med. Mut. of Ohio v. Schlotterer*, 2009-Ohio-2496, ¶ 13 (noting that discovery orders are generally reviewed under an abuse of discretion standard, but whether the information sought is confidential and privileged is a question of law for de novo review). Therefore, we apply an abuse of discretion standard of review in this case.

{¶ 28} Civ.R. 26(C) provides that a protective order may be granted "for good cause shown" and to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." In *Hope Academy Broadway Campus v. White Hat Mgt., L.L.C.*, 2013-Ohio-911, ¶ 31 (10th Dist.), the Supreme Court of Ohio observed that good cause can be shown "by demonstrating a 'clearly defined and serious injury' to the party seeking the protective order." The party seeking to exclude information has the burden to show that the information to be protected is confidential or privileged, and merely claiming the information is confidential is not sufficient. *Eberhard Architects, L.L.C. v. Schottenstein, Zox & Dunn Co.*, 2013-Ohio-5319, ¶ 14 (8th Dist.), citing *Covington v. The MetroHealth Sys.*, 2002-Ohio-6629, ¶ 24 (10th Dist.); *Ro-Mai Industries v. Manning Properties*, 2010-Ohio-2290, ¶ 28 (11th Dist.).

{¶ 29} Here, appellant sought a protective order to "prohibit the Defendants from selling, publishing, sharing, or exchanging Plaintiffs confidential personal health information" pursuant to federal and state law and the United States and Ohio Constitutions. Appellee objected to the proposed restriction, arguing that appellant had asserted without any support that appellee might sell or publish her health information. Appellee also explained that the insurance policy between the parties included a requirement that an insured individual seeking coverage provide written authorization for State Farm to obtain information like medical records and medical bills and that the authorization could not restrict State Farm from using the information to perform its business functions, fulfilling its data reporting obligations to insurance regulators, or complying with state and federal law.

{¶ 30} In denying appellant's request for a protective order, the trial court held that appellant did not meet her burden of establishing good cause for the protective order. It found that appellant made conclusory allegations about the harm she would experience without the protective order. The trial court also found persuasive *Gephart v. FedEx Express*, Hancock C.P. No. 2021-CV-69 (Aug. 18, 2021), and concluded that appellant had not shown, with any reasonable degree of certainty, "what embarrassment, annoyance, oppression, undue burden or expense they would be subject to if State Farm was allowed ordinary access to their medical records." (May 17, 2023 Decision & Entry, at 4-5.)

{¶ 31} In *Gephart,* in arguments mirroring those asserted here, the plaintiffs sought a protective order to protect their healthcare information from further disclosure by State Farm, the defendant insurance company in the case. According to the court, plaintiffs were "fearful their medical records will be entered into the Index Bureau, an indexing service that compiles vast lists of medical records from insurance companies." *Gephart* at 3. State Farm objected to the protective order on grounds that it would violate the insurance contract and interfere with its other legal objections, and that other state infrastructure protected plaintiffs' information. *Id.* at 4. The trial court agreed with State Farm that the plaintiffs did not meet their burden of establishing good cause for the order. *Id.* The court found that the plaintiffs' argument "consists largely of conclusory language which does not sufficiently substantiate their apprehension in allowing State Farm access to their records." *Id.* The court also noted, "Plaintiffs have also not shown why this case is different from the

multitude of other cases in which persons are required to allow their insurance companies unfettered access to their records to substantiate their insurance claims." *Id*. at 4-5.

{¶ 32} Here, although appellant makes a number of legal arguments in support of its position regarding the confidential nature of medical information, appellant does not articulate a specific injury that would occur here absent a protective order. Appellant seems to argue that a protective order is required simply because the material at issue includes confidential medical records. But appellant's only assertion of a particularized injury is that, without a protective order, State Farm "may sell" her protected health information. (Mot. for Protective Order at 5.)

{¶ 33} Appellant also relies on *Haage v. Zavala*, 183 N.E.3d 830 (Ill. 2021), in which the Illinois Supreme Court held that a trial court did not abuse its discretion in granting qualified protective orders pursuant to the HIPAA and its implementing regulations to prohibit the nonlitigation use or disclosure of protected health information and the return or destruction of such records at the end of the litigation. The trial court here did not find *Haage* persuasive, however, noting that, as an Illinois decision, it was not binding and that it was distinguishable on the facts because it did not involve an interpretation of the parties' obligations under the insurance contract.

{¶ 34} The relationship between the parties here is first between insured and insurer because appellant's claims in this litigation relate to her coverage under the insurance policy. As the trial court noted in its decision denying the request for a protective order, "[t]he policy in this case requires Plaintiff to provide State Farm with written authorization to obtain medical bills, and records that State Farm deems necessary to substantiate Plaintiff's claims," and the policy prohibits appellant "from restricting State Farm from retaining and using that information for legitimate lawful business functions." (May 17, 2023 Decision & Entry at 4.) Appellant's ability to use Civ.R. 26(C) to seek a protective order is something afforded by the litigation process. Appellant has not offered any reason why the information she is seeking to protect in the litigation is different than what might be produced to State Farm in the normal course of insurance claims processing. Nor has appellant offered a reason why producing information in the litigation discovery process requires greater protection than what might be available in the normal course of insurance claim processing under the policy given the state and federal laws and other regulations to

which appellee is subject. To the extent appellant's argument raises a general policy dispute regarding the ability of insurance companies to access and use an insured's medical information, that is beyond our purview to determine whether the trial court abused its discretion by denying the protective order.

{¶ 35} Although appellant has made general assertions about the confidentiality of her health information, she has not identified anything other than conclusory allegations to support her request. More specifically, under the circumstances of this case, we do not find that appellant's contention that appellee "may sell" her information rises to the level of a clearly defined and serious injury to establish good cause for a protective order.

{¶ 36} Under these circumstances, we do not find that the trial court abused its discretion in denying the protective order. Accordingly, we overrule appellant's second assignment of error.

### C. Third and fourth assignments of error

{¶ 37} In the third assignment of error, appellant argues the trial court abused its discretion by not allowing appellant additional discovery on her bad faith insurance practices claim. In the fourth assignment of error, appellant argues the trial court erred by granting summary judgment in favor of appellee on the bad faith claim. Appellant alleged that appellee had wrongfully issued the MPC payment to Rawlings for Medical Mutual rather than to appellant. Appellant further alleged that appellee delayed in bad faith in issuing the remaining MPC benefit in the amount of $190.07 to her when it did. Because the third and fourth assignments of error are related, we address them together.

{¶ 38} In Ohio, "an insurer has the duty to act in good faith in the handling and payment of the claims of its insured." *Hoskins v. Aetna Life Ins. Co.*, 6 Ohio St.3d. 272, 276 (1983); *Larrison v. Westfield Ins. Co.*, 2024-Ohio-4591, ¶ 19 (10th Dist.). An insurer fails to exercise good faith " 'where its refusal to pay the claim [of its insured] is not predicated upon circumstances that furnish reasonable justification therefor.' " *Id.*, quoting *Zoppo v. Homestead Ins. Co.*, 1994-Ohio-461, paragraph one of the syllabus. Reasonable justification is lacking where an insurer refuses to pay a claim for an arbitrary or capricious reason. *Jenkins v. State Farm Mut. Auto. Ins. Co.*, 2013-Ohio-1142, ¶ 41 (10th Dist.); *Dorsey v. Campbell Hauling*, 2003-Ohio-3341, ¶ 19 (10th Dist.).

{¶ 39} Bad faith claims are not limited to " 'scenarios involving an outright denial of payment for a claim.' " *Toman v. State Farm Mut. Auto. Ins. Co.*, 2015-Ohio-3351, ¶ 29 (8th Dist.), quoting *Drouard v. United Servs. Auto. Assn*, 2007-Ohio-1049, ¶ 16 (6th Dist.). An insurer's "foot-dragging" in the handling or evaluation of a claim, even if a claim is ultimately paid, may also give rise to a bad faith claim. *Toman* at ¶ 29; *Mundy v. Roy*, 2006-Ohio-993, ¶ 21 (2d Dist.). However, "the 'essential inquiry' is not whether the insurer's decision was correct but whether that decision lacked a reasonable justification, i.e., whether it was arbitrary or capricious." *Toman* at ¶ 31.

{¶ 40} In November 2022, the trial court issued an order bifurcating the breach of contract and bad faith claims and staying discovery on the bad faith claim. The case proceeded to a bench trial on the breach of contract claim after which the trial court concluded that appellee did not violate the insurance policy by making MPC payments directly to Rawlings and that appellee did not breach the policy terms by paying the remainder of the MPC benefits to appellant when it did.

{¶ 41} After the trial court's decision, appellant moved to compel additional discovery on the bad faith claim. In response, appellee moved to quash and for a protective order to restrict additional discovery. Appellee also moved for summary judgment on the bad faith claim. The trial court resolved the discovery motions in the same decision in which it granted summary judgment in appellee's favor. In doing so, it concluded that the facts on which the bad faith claim was based were addressed in the bench trial on the breach of contract claim.

{¶ 42} In her merit brief on appeal, appellant argues that she was not able to "fully substantiate" her bad faith claim without additional discovery. (Appellant's Brief at 45.) Appellant asserted that appellee's claim file "may well show, and a deposition may well confirm, that State Farm possessed all the records and information needed to pay the remainder of the MPC benefits years before it finally did so." (Appellant's Brief at 55.) In response, appellee argues there was no need for additional discovery because the trial court had already made the relevant factual determinations to resolve the bad faith claim when it issued its decision resolving the breach of contract claims following the bench trial.

{¶ 43} In the circumstances of this case, there is substantial overlap between the facts surrounding appellant's breach of contract claim and the bad faith claim. The parties'

stipulations of fact establish much of the material facts relevant to the bad faith claim. Specifically, the parties stipulated that appellant incurred medical bills due to injuries from the accident in excess of $5,000.00, and that the policy provided $5,000.00 in MPC. The parties also stipulated that appellant's counsel sent a letter to State Farm on November 25, 2019, giving notice of appellant's claim for MPC benefits under the policy and asserting that State Farm was prohibited from paying any medical providers directly. The parties further stipulated that, on or about October 27, 2020, State Farm issued an MPC payment of $4,809.03 to Rawlings after receiving its claim for subrogation for medical bills Medical Mutual had paid. The parties also stipulated that, after appellant filed suit in May 2021, appellant submitted her medical records and medical bills to appellee's counsel during discovery. Finally, the parties stipulated that, on May 31, 2024, State Farm issued a check to appellant for $190.07, the remaining balance of the MPC benefit under the policy. In addition to these stipulated facts, the trial court found, in its resolution of the breach of contract claim, that appellee did not breach any duty under the policy by making MPC payments directly to Rawlings or by making the remainder payment to appellee when it did.

{¶ 44} Given the foregoing, the remaining question to resolve regarding appellant's bad faith claim was whether there was a reasonable justification for the way appellee handled the payments. Regarding the timing of the remainder payment, the trial court found in its decision on the breach of contract claim that "[e]ven if the Court were to consider the delay in payment, the Court finds the delay was reasonable under the circumstances," noting that appellant's medical records were not submitted to State Farm until after the suit was filed during the discovery process. (Feb. 5, 2025 Decision & Entry at 27.)

{¶ 45} Appellant has asserted that appellee's claim file and a deposition of a State Farm corporate representative "may well show" that State Farm had what it needed to pay the remainder MPC benefit before it did. (Appellant's Brief at 55.) But this general assertion does not persuade us that the trial court's discretionary decision to deny the additional requested discovery was unreasonable, arbitrary, or unconscionable. The trial court had already determined that State Farm's actions were reasonable under the circumstances, even considering the payment delay.

{¶ 46} Given the stipulated facts and the findings made during the bench trial, we are also not persuaded that there remains a genuine dispute of material fact regarding whether appellee acted in bad faith.  On the facts of this case, we find that the trial court could reasonably conclude that appellee was entitled to judgment as a matter of law on appellant's bad faith claim.

{¶ 47} Accordingly, we overrule appellant's third and fourth assignments of error.

**IV.  Conclusion**

{¶ 48} For the foregoing reasons, we grant appellant's motion to strike the notice of supplemental authority and overrule appellant's four assignments of error.  Accordingly, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BOGGS, P.J., and MENTEL, J., concur.

_____